*BAEDWI.N, J.
I shall treat this case, in the first place, as if it were exclusively an action for slander at common law.
The case was tried upon the general issue, and the questions presented by the record are in reference to evidence offered by the defendant, and rejected by the Court, in mitigation of damages.
The authorities in regard to the evidence proper under the general issue in mitigation of damages, are numerous, and a good deal conflicting; and the difficulties which have embarrassed the Courts seem to have arisen out of opposing considerations entirely proper in themselves, but often hard to be reconciled; the propriety and justice, on the one hand, of submitting to the jury the ungarbled merits of the controversy, so as to enable them to give to the plaintiff the full damages he ought to recover, and no more; and on the other hand, the policy and necessity of excluding evidence irrelevant to the substance of the grievance, or to the issue joined between the parties.
It is obvious that the purposes of justice require us to look as far as practicable to the conduct and motives of both parties in connection with the subject matter of the grievance, in order to estimate fully and fairly the amount of damage sustained by the one, and of retribution which ought to be made by the other. If the plaintiff has been free from blame, and has been made the victim of the defendant’s cool and deliberate malice, the case presented is widely different from one where the plaintiff has by his own misconduct occasioned or provoked the injurious imputation, or where the defendant, though subject to the legal inference of malice from the criminality of the imputed act, and the falsehood of the charge, has been prompted in making it by a plain mistake, without his default, as to the nature of the plaintiff’s conduct. And the soundness of any mere technical reasoning may be questioned which, ^against the plain dictates of common sense, would place cases so dissimilar in complexion upon the same footing as to the quantum of damages.
The elements of redress in the action for defamation are the wrong done to the plaintiff, and the malice or vicious intent of the defendant: these modify each other, and are modified by circumstances, so as to allow much scope for the judgment and discretion of the jury, upon a subject somewhat indefinite in its very nature, the amount of pecuniary compensation which ought to be paid for an injury of such a character. Whatever, therefore, tends to throw light upon the question ought, within fair and reasonable limits, to be brought in some form or shape, to the consideration of the jury.
It is of course under the general issue that evidence must be offered which presents no bar to the action but tends only to mitigate the damages. At one period, indeed, the idea seems to have prevailed to a considerable extent, that whenever the defendant’s evidence answered the whole ground of the plaintiff’s action, it was admissible under the general issue, and therefore (I presume) that as some occasions of speaking or publishing defamatory words divested them of the essential of legal malice, so proof of their truth took away the equally essential ingredient of their alleged falsehood. And so the truth of the defamatory words was so repeatedly admitted in evidence under the plea of not guilty, as to become in the opinion of the Judges of England a mischief in practice requiring correction. Accordingly, in the case of Underwood v. Parks, 2 Strange 1200, in which the defendant pleaded not guilty, and offered to prove the words to be true *412 in mitigation of damages, the Chief Justice refused to permit it, saying that at a meeting of all the judges upon a case that arose in the Common Pleas, a large majority of them had determined not to allow it for the future, but that it should be pleaded, whereby the plaintiff might be prepared to *defend himself, as well as to prove the speaking of the words: That this was now a general rule amongst them all, which no Judge would think himself at liberty to depart from; and that it extended to all sorts of words, and not barely to such as imported a charge of felony. The rule thus adopted has since been recognized both in England and in this country, is sustained by numerous authorities; and I believe has never been denied by any judicial decision.
But although the rule of Underwood v. Parks, has been thus universally admitted, yet its spirit had, as I conceive, been often broken in upon by decisions and dicta, both in England and in this country. It has been repeatedly said and held that, under the general issue, evidence may be given in mitigation of damages, which stops short of a complete justification. Now this surely cannot be considered as an exception to or modification of the rule of Underwood v. Parks, but is in effect, though not so designed, a practical negation of it; for where is the line to be drawn between perfect and imperfect proof of the plaintiff’s guilt; and upon what principle is light evidence to be preferred to that which is cogent and conclusive? What is the admission of such evidence but an invitation to the jury to act upon suspicion instead of proof? and indeed that aspect is given to the proposition by some of the authorities, which assert that circumstances of suspicion may be received in mitigation of damages. The rule which excludes proof of the truth of the words, must of necessity exclude evidence tending to prove it, or the rule itself is rendered nugatory or merely mischievous. And so is the preponderance of authority both English and American. See the cases referred to in 3 Stephens’ Nisi Prius 2255-6, 2253, 2519 ; 2 Stark. Ev. 877-8; 1 Stark. Sland. 413, n.; 2 Id. 78 to 89; American editions of those works; Root v. King, 7 Cow. R. 613; *Gilman v. Lowell, 8 Wend. R. 573; in which most of the cases are reviewed.
• Indeed, nothing but an anxiety to get at the supposed merits of the case could have misled some Judges into so obvious a deviation from the principle of Underwood v. Parks; and it is remarkable that others, while condemning and overruling such departure, have at the same time received other evidence of the same general nature, but still more objectionable. I allude to the admission of evidence to prove that the plaintiff laboured under a general suspicion of having been guilty of the charge, or of rumors imputing to him such criminal acts. It may be easily seen that the effect, of such evidence, when a party comes into Court for the purpose of' establishing his inno-
cence, and so putting down false rumors of his guilt, may be to crush him under the weight of those very rumors. And yet the current of English authority allows the introduction of such evidence, upon the supposition, it seems, that it goes to the character of the plaintiff, though it surely does not in the legal acceptation of the term, if general character be meant. On the other hand, the weight of American authority, with better reason, it seems to me, excludes such evidence. See the cases pro and con, referred to in 2 Stark. Ev. 877; Phillips’ Ev., vol. 3, p. 249, 250; 2 Stark. Sland. 96-7; American editions of those works.
It seems to me, therefore, that evidence is not admissible under the general issue, in mitigation of damages, which proves, or tends in any form .or shape to prove, the truth of the words.
On the other hand, I cannot doubt that where the defamatory words point to a specified act of the plaintiff, and the’evidence offered in mitigation of damages neither proves, nor tends to prove, or upon the whole negatives, the truth of the words, it is admissible where it serves to shew improper conduct of the plaintiff in reference *to the particular transaction calculated to vex, harass, aggrieve or provoke the defendant.
In such cases, it is often important that the jury should have some information of the transaction to which the words refer, in order to understand correctly their true import and meaning, and the design -with which they were spoken. The defendant may, through ignorance or excitement, misapprehend the plaintiff’s conduct, or use inappropriate language and epithets in the expression of his indignation or resentment; and yet that conduct may have been wholly unwarranted, or extremely injurious or provoking. The aggravation of a fraud or a trespass into a felony, whether from ignorance or exasperation, surely stands upon a different footing in regard to the quantum of damages, from a sheer fabrication. Thus if a part}'- should obtain the money of another by a fraudulent contrivance, or dishonest breach of trust, or his property by open violence under a false claim of title, and the party injured in speaking of the transaction should designate it, in the former case as a theft, or in the latter as a robbery, a recovery of heavy damages in an action of slander would not be so much for actual defamation, as of inaccurate phraseology. And if a plaintiff, without moral guilt, but to disport himself with the fears or feelings of the defendant, has misled or provoked him to the use of defamatory words, this should be made known to the jury, otherwise the plaintiff, to a greater or less extent, would recover damages for his own misbehaviour.
■ In the cases mentioned, the defendant could not protect himself from heavy damages under the plea of justification, inasmuch as the evidence would not prove or tend to prove the truth of the words; and yet, for that very reason, and because they *413 •were begotten, as it were, by the plaintiff’s own misconduct, the evidence is proper under the general issue in mitigation of damages. Of this the plaintiff has no right to complain, for he suffers *no injustice, nor is he taken by surprise, the particular transaction being pointed to by the words themselves, and the defendant not having declined any privilege of pleading the matter specially, inasmuch as such pleading was beyond his competency.
The admissibility of evidence such as above mentioned in mitigation of damages is warranted by the spirit of familiar doctrines. Thus the defendant may prove, as a complete defence under the general issue, that the publication of the defamatory words was procured by the contrivance of the plaintiff for the purposes of the action. 2 Stark. Ev. 876; King v. Waring, 5 Esp. Cas. 13. So in an action for a libel, the defendant may give in evidence a former publication of the plaintiff to which the libel was an answer, to explain the subject matter, occasion and intent of the defendant’s publication, and in mitigation of damages. 2 Stark. Ev. 877; Hitchcoss v. Lathrop. And in 2 Stark. Sland. 95, n., it is mentioned with approbation, that the counsel for the defendant in Leicester v. Walter, 2 Camp. E. 351, said arguendo, that in a case before Be Blanc, J., at Worcester, that learned Judge received evidence under the general issue of attempts of the plaintiff to commit the crime which the defendant had imputed to him. In Gilman v. Lowell, 8 Wend. R. 573, in an action for charging the plaintiff with false swearing in relation to the existence of a deed, the defendant was allowed to prove in mitigation of damages, that after diligent search of the registry, before the speaking of the words, the deed could not from a defect of the index be found. And in Grant v. Hover, 6 Munf. 13, in an action for charging the plaintiff with perjury, the defendant was permitted to prove under the general issue what the plaintiff did swear to, though not its falsity.
In the case before us, the declaration, consisting of a single count, comprises two distinct allegations of defamation; one imputing to the plaintiff that he stole from x'the defendant an order on Stofer; the other that he had committed perjury in a Court of Justice. As to the former, the defendant on the trial, as appears from the second bill of exceptions, offered evidence to prove the circumstances under which the plaintiff became possessed of the order on Stofer, and his whole conduct in relation thereto, and to shew that although not justifying the speaking of the words in the declaration mentioned as imputing theft, those circumstances and the conduct of the plaintiff were in themselves highly improper, and such as were calculated justly to excite the defendant, and to arouse his suspicions: But the Court being of opinion that such evidence was inadmissible under the plea of not guilty, which was the only plea in the cause, refused to admit the evidence. In this decision I think the Circuit court erred.
It seems to me that it was entirely competent for either party to give evidence of the existence, the custody, the contents, the nature, and the value of the order on Stofer, to explain the subject, matter, occasion and intent of the speaking of the words. Without such evidence, the jury could not but be very much in the dark in regard to the very subject of the defamation. There is nothing in the declaration, nor any part of the record, to shew by or in whose favour, or for what purpose the order was drawn, or whether it could have been of any substantial benefit to either of the parties, and if the defendant could prove that the plaintiff obtained possession of the order without authority, though not lucri causa, to vex, harass, provoke or injure the defendant, and that the latter consequently, without deliberate malice, but from the exasperation or misapprehension of the occasion, spoke the words in question, these were matters perfectly proper for the consideration of the jury upon the question of damages.
The 1st bill of exceptions presents another question which occurred at the trial in relation to the exclusion *of evidence offered by the defendant in mitigation of damages, as well it seems in reference to the imputation of perjury, as to that of theft. The defendant offered to prove in mitigation of damages, that at and about the time of speaking the words in the declaration mentioned, the plaintiff’ and defendant were engaged in an angry and exciting controversy in the Court, and that they were both in the habit of using towards and concerning each other violent and abusive language, and that about that time, although not at the time when the words charged in the declaration were spoken, the plaintiff had used to and about the defendant language equally offensive with that in the declaration mentioned. But the Court being of opinion that such evidence was inadmissible for any purpose, refused to permit evidence of slanderous, defamatory or insulting words spoken by the plaintiff to, of or concerning the defendant, at other times or on different occasions from the times and occasions on which the words charged in the declaration were spoken. In this decision of the Circuit court, it seems to me there was no error.
It is certain that mutual defamations cannot be made a matter of account and set off against each other, and a balance struck in favour of the most injured or least culpable of the parties: and such would be the effect of allowing evidence of reciprocal crimina-tions unconnected except by a general spirit of hostility and revenge. The only principle upon which defamatory words spoken by the plaintiff can be proved in mitigation of damages is that he has thereby brought upon himself, at least to some extent, the grievance of which he complains. This cannot be conceded with any propriety or *414 safety, unless where such provocation occurs, or is referred to, in the same conversation with the defamation by the defendant, or is communicated to him at that time. I need not consider whether there may not be exceptions to this restriction, there being1 no foundation of or any in the present case.
*It will be seen in this case, that the whole structure of the declaration indicates an action for defamation at common law, except that the words are charged to be insulting as well as slanderous; which word insulting would seem to have been introduced for the purpose of enabling the plaintiff to recover for an insult under the 8th section of the act to suppress duelling, Supp. Rev. Code, p. 284, if his evidence should fail on the trial to make out a case of common law slander. This mode of declaring in one and the same count of the declaration for a common law defamation and an insult under the statute, is not allowable, Moseley v. Moss, 6 Gratt. 534, and therefore open to demurrer. But the defendant having, failed to avail himself of the misjoinder by demurrer, a question might occur whether the plaintiff might not recover, for an insult, though he should fail to establish a common law defamation ; and if so, whether the defendant would not be at liberty to prove any mitigating circumstances which would be allowable in an action founded upon the statute. These, however, are questions which do not require consideration in this particular case: for in regard to the evidence stated in the 2d bill of exceptions, the same being admissible in an action for common law defamation, it would be at least equally so in an action founded upon the statute; and in regard to the evidence stated in the 1st bill of exceptions, the reasons for excluding it are equally strong, whether in an action for a slander, or in an action for an insult.
ALEEN, J.
The declaration charged the speaking and publishing of words actionable at common law; the issue was not guilty; and at the trial the defendant tendered two bills of exceptions to opinions of the Court rejecting evidence offered by him in mitigation of damages. By the first bill of exceptions it appears that the defendant offered evidence to prove in mitigation of ^damages, that at and about the time of speaking the words in the declaration mentioned, the parties were engaged in an angry and exciting controversy in Court; that they were both in the habit of using towards and concerning each other, violent and abusive language; and that about the time, though not at the time, when the words charged in the declaration were spoken, the plaintiff had used to and about the defendant language equally insulting and offensive with that in the declaration mentioned. The Court deeming such evidence inadmissible for any purpose, excluded it from the jury. Evidence of all that occurred at the time of speaking the words, being part of the tes gestae, and tending to explain the words spoken, and the intent of the party in making the charge, would be admissible; but it is not competent for the defendant to set off one slander against another, uttered by the plaintiff concerning the defendant, at a different time. And it was accordingly held by this Court in the case of McAlexander v. Harris, 6 Munf. 465, that such evidence was improper. It, therefore, seems to me, there was no error in rejecting the evidence referred to in the first bill of exceptions.
The second bill of exceptions sets forth in substance that the defendant, as to the charge imputing to the plaintiff a theft of an order on. Stofer, offered evidence to prove the circumstances under which the plaintiff became possessed of the order, and his whole conduct in relation thereto, to shew that, although not justifying the speaking of the words as importing theft, those circumstances and the conduct of the plaintiff, were in themselves highly improper, and such as were calculated justly to excite the defendant and to arouse his suspicions. The Court deeming the evidence inadmissible under the issue joined, rejected it. The rule established in the case of Underwood v. Parks, Strange 1200, requires of the defendant, if he intends to justify the speaking of the words, that he should file a plea of justification, *in order that the plaintiff may know what defence he is to meet. Whether
it is competent for the defendant in mitigation of damages, to introduce evidence proving the truth, or tending to prove the truth, of the words spoken, has been a controverted question both in England and our sister States. The cases are variant and conflicting, and cannot perhaps be reconciled. In this State the rule of Underwood v. Parks has been fuUy recognized and acted upon in the cases of Cheatwood v. Mayo, 5 Munf. 16; and McAlexander v. Harris, 6 Munf. 465. These decisions have never been questioned in this Court since; but on the contrary, the principles established by them, so far as respects words actionable at common law, were approved in the more recent case of Moseley v. Moss, 6 Gratt. 534. It becomes necessary therefore to ascertain what was the precise point-established in each of those cases.
In the first case of Cheatwood v. Mayo, the defendant offered in mitigation of damages, and not by way of justification, to prove facts which, if they did not altogether, almost established the truth of the charge. He could not offer such evidence in bar of the action, because he had failed to file the plea of justification. But if permitted to introduce it in mitigation of damages, the same impression would be made on the minds of the jury, and the plaintiff could not know what defence he was to meet. The case therefore establishes that ■evidence falling short ■ of a full justification, but tending to prove the truth of the words charged, and leaving that impression *415 on the minds of the jury, is inadmissible, notwithstanding the declaration that it is offered in mitigation of damages, and not by way of justification. In the case of McAlexander v. Harris, the evidence was offered, not as amounting to actual proof of the plaintiff’s guilt, or a complete justification of the defendant, but as shewing a probable ground of suspicion, in litigation of damages. The character of the *evidence is not stated, but if it shewed a probable ground of suspicion, it must have been evidence of circumstances tending to prove the guilt, or proving a link in the chain of facts necessary to make out the guilt of the plaintiff ; which if it shewed probable ground or suspicion on the part of the defendant when speaking the words, was equally calculated to make and leave a similar impression on the minds of the jury if unexplained; and so the character of the plaintiff might be destroyed by a defence of which the pleadings gave him no notice.
Where, however, the defendant relies upon evidence not implying the truth of the charge, or evidence not tending to prove a fact, which might constitute a link in the chain of facts establishing the guilt of the plaintiff; but on the contrary, evidence which of itself disproves the truth of the words spoken, and shews the plaintiff’s innocence of the charge imputed to him, such evidence, though it might shew improper conduct in the plaintiff, or a mistake on the part of the defendant, would, it seems to me, be proper evidence under the plea of not guilty, to repel the presumption of malice, and in mitigation of damages, in every action for slander at common law. By such evidence the plaintiff cannot be surprised or injured, for it disproves the truth of the charge, and so relieves his character from the imputation complained of; and it is evidence which, though bearing materially on the question of malice, and so affecting the damages, the defendant could not rely on under the plea of justification, because it would disprove it. If the evidence in the case under consideration had been testimony to prove that the plaintiff, in a mischievous spirit, or to provoke or irritate the defendant, had possessed himself of the order in the presence of others, avowing his motives at the time; and that defendant, in ignorance of these facts, had spoken the words in the declaration mentioned; such evidence, or *evidence of a like character, might have had an important influence upon the jury in fixing the amount of damages. But it would neither prove, or tend to prove, the charge of guilt, or leave any suspicion of the truth of the charge on the mind of the jury, because it would shew that there was no felonious intent in the act of becoming possessed of the order; and though it would or might shew improper conduct on the part of the plaintiff, he should not be permitted to avail himself of his own misconduct, to the prejudice of the defendant, by excluding evidence bearing upon the presumption of malice, when such evidence shewed his innocence of the charge complained of. If, therefore, the bill of exceptions had set forth the purport of the evidence offered, so as to disclose whether it was of such a character, it would, under the restrictions aforesaid, have been admissible to repel the presumption of malice, and in mitigation of damages. But this is not shewn by the bill of exceptions. It sets forth that the defendant offered to prove the circumstances under which the plaintiff became possessed of the order, and to shew that those circumstances, though not justifying the speaking the words as importing theft, were improper, and calculated to arouse suspicion in the defendant. The evidence rejected might not have amounted to a justification ; it could not be offered in justification, for that would have been in bar of the plaintiff’s action, and there was no such plea; but the circumstances relied on might, as in the case of Cheatwood v. Mayo, have amounted almost to full proof of the words in the declaration mentioned; or, as in the case of McAlexander v. Harris, have left on the minds of the jury a suspicion of the plaintiff’s guilt, in the absence of explanatory evidence shewing there was no just ground for such suspicion.
The bill of exceptions may have been designed to shew that tne evidence offered, whilst it disproved the *truth of the charge, merely tended to prove such improper conduct on the part of the plaintiff, and mistake in the defendant, as would have been proper evidence in mitigation of damages, according to the views before presented. But it would have been equally competent, according to the statement of the bill of exceptions, to have offered evidence similar to the proof offered in the case of Cheatwood v. Mayo, and McAlexander v. Harris, and there decided to be inadmissible.
The bill of exceptions is therefore, I think, too imperfect to enable this Court to determine what was the precise question intended to be raised and decided; and for this reason the judgment should be reversed.
DANIEL/, J., concurred in the opinion of Allen, J.